**HAMBURG SHIRT CORPORATION,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD,** Respondent.

No. 19710.

United States Court of Appeals
Eighth Circuit.

Dec. 30, 1969.

Edward T. Foote, of Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for petitioner.

Morton Namrow, Atty., National Labor Relations Board, Washington, D. C., for respondent; Arnold Ordman, Gen. Counsel, N.L.R.B., Dominick L. Manoli, Associate Gen. Counsel, N.L.R.B., Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B. and John D. Burgoyne, Atty., N.L.R.B., Washington, D. C., were on the brief with Mr. Namrow.

Before GIBSON, LAY and BRIGHT, Circuit Judges.

**1276**

PER CURIAM.

On petition for review, Hamburg Shirt Corporation (the company) seeks to set aside a final order of the National Labor Relations Board determining that the company engaged in an unfair labor practice in violation of § 8(a) (5) and (1) of the Act by refusing to permit the Union (Southwest Regional Joint Board, Amalgamated Clothing Workers of America, AFL–CIO) access to the plant for the purpose of making an independent time study of the company's operations. The Board filed a cross-application to enforce its order requiring the company to allow the Union access to the plant for this study. The Board's decision and order are reported at 175 N.L.R.B. No. 48. We have jurisdiction under §§ 10(e) and (f) of the Act, 29 U. S.C.A. §§ 160(e) and (f).

The company and the Union bargained between January of 1967 and May of 1968. These bargaining sessions stemmed from the Board's earlier order requiring the employer to bargain with the union.[1]

Prior to the commencement of bargaining, the company obtained new time and motion studies from a qualified engineering firm and used these studies as a basis for unilaterally changing its incentive wage system and establishing new wage rates, work quotas and standards for piecework production for employees in most departments of the company. Beginning in April of 1967, the Union on several occasions asked the company for permission to make its own time studies of factory operations. It felt a need for this information to determine the propriety of new piecework quotas and pay rates installed by the company. The company, however, denied the Union access to the plant for this study.

By the spring of 1968, negotiations failed to culminate in any contract. The Union again vigorously renewed its request for time and motion studies by its own engineers of various employees' operations in the plant. The company's reiteration of a denial of this request forms the basis for the present unfair labor practice charge.

During negotiations, the company fully disclosed to the Union the results and underlying data of its own engineers' time and motion studies. The company argues that this disclosure conclusively negates any proper reason or cause underlying the Union's demand.

The parties agree that the Union has no absolute right to obtain its own independent time studies of the employer's operations, but must show that such information is necessary for intelligent negotiation. The parties, however, do not dispute that the bargaining agent for the plant employees needed time study information to properly perform his duties. The employer's studies may not necessarily fulfill that need. The Union is entitled to independently verify all factors underlying piecework incentive pay rates and to evaluate allowances computed for variable criteria such as thread breakage, machine downtime and employee fatigue. The company's disclosure in this case should not foreclose the Union from obtaining its own time studies as a basis for its negotiations for wages and other conditions of employment. The Union's need for this information is apparent and the Board's decision is not contrary to precedent. See McGraw-Edison Co. v. NLRB, 419 F.2d 67, (8th Cir., December 4, 1969), and cases cited therein.

We grant enforcement of the Board's order and deny the petition of Hamburg Shirt Corporation.

---

1. For earlier litigation, see Hamburg Shirt Corp., 156 N.L.R.B. 511, enforced, NLRB v. Hamburg Shirt Corp., 125 U.S.App. D.C. 275, 371 F.2d 740 (1966).